MATTER OF RETODO

In Section 212(e) Proceedings

A-13511526

A-13161625

*Decided by Regional Commissioner June 3, 1969*

A waiver of the foreign residence requirement of section 212(e), Immigration and Nationality Act, as amended, is denied 2 exchange visitors (spouses) since it has not been established that their compliance therewith would result in exceptional hardship to their 2 United States citizen children, one an 18-month-old child who has a slight internal tibial torsion requiring orthopedic correction and the other a 3-year-old child who is undernourished and has a diet problem but is otherwise healthy.

ON BEHALF OF APPLICANTS:    George E. Loebig, Esquire
200 Ross Street
112 Civic Building
Pittsburgh, Pennsylvania 15219

This matter comes forward on appeal from the decision of the District Director, Cleveland, Ohio, who denied the applications for waiver of the two-year foreign residence requirement of section 212(e) of the Immigration and Nationality Act, as amended, on the ground that compliance with the two-year foreign residence requirement would not impose exceptional hardship on the minor United States citizen children of the applicants.

The principal applicant is a 31-year-old male native and citizen of the Philippines who was admitted into the United States on June 29, 1963 as an exchange visitor under an exchange visitor program to provide professional approved medical residencies for foreign medical graduates and to enable such foreign nationals to pursue their training in the United States and to promote the interests of international exchange. The applicant has completed his fifth year of residency in general surgery. The spouse of the principal applicant was admitted to the United States as an exchange visitor on November 2, 1963 for study in medical-surgical specialties nursing which she has completed. The applications for

waiver of the two-year foreign residence requirement are based on hardship which would result to their 18-month-old child who has internal tibial torsion requiring orthopedic correction and their 3-year-old child who is undernourished and has diet problem.

In support of the applications, letters from private physicians have been "submitted stating that the child who suffers from internal tibial torsion has been under professional care and corrective shoes are in use. Further, that if there is no improvement, it may be necessary for orthopedic evaluation and treatment and possible tibial osteotomy."

Upon appeal, medical evidence has been submitted that the birth of a third child is imminent with advice against travel at this time.

On February 10, 1969 both children were examined by a medical officer of the United States Public Health Service. In his advisory medical opinion the medical officer stated that although the 3-year-old child is said to be undernourished and have a diet problem, the parents indicated that there were no other medical problems at the time of interview. The medical officer further stated that the child is small for his age but otherwise appears healthy. The medical officer also stated that proper food and vitamins certainly will be available to the family in the Philippines and that the medical problem would be no different in the Philippines. Concerning his examination of the 18-month-old child, the medical officer stated that the child has a minor amount of internal tibial torsion which will not present a hardship or exceptional problem for the child in any country.

Counsel for the applicants requested additional time to submit documentation and brief in this case, which was granted. No brief has been submitted and request for oral argument was withdrawn. The matter will be decided on the record now before us.

Section 212(e) of the Act provides, in part: "That upon the favorable recommendation of the Secretary of State, pursuant to the request of an interested United States Government agency, or of the Commissioner of Immigration and Naturalization after he has determined that departure from the United States would impose exceptional hardship upon the alien's spouse or child (if such spouse or child is a citizen of the United States or a lawfully resident alien), the Attorney General may waive the requirement of such two-year foreign residence abroad in the case of any alien

281

whose admission to the United States is found by the Attorney General to be in the public interest."

The statute provides that a waiver on hardship grounds may be granted only if the exchange alien has a United States citizen or lawfully resident alien spouse or child and compliance with the foreign residence requirement would impose exceptional hardship upon that spouse or child. Some hardship will usually be involved in a move for a United States citizen or lawfully resident alien to a country where the customs, mores, language and mode of living are strange.

The factors in this case have been carefully considered. The imminent birth of the third child and any problems arising thereafter are matters for consideration by the District Director in the grant of any period of time within which the applicants may be required to depart from the United States. From the foregoing and on the basis of the medical evidence, we find that compliance with the foreign residence requirement of section 212(e) of the Act would not impose exceptional hardship upon the United States citizen children of the applicants. Therefore, the decision of the District Director will be approved.

**ORDER:** The decision of the District Director, Cleveland, Ohio, is affirmed and the appeal of the appellants is hereby dismissed.